# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

**DEIDRE WILSON** )
**Plaintiff** )
**vs** ) **CA 04-CV-530S**
)
**UNITED STATES** )
)
**Defendant** )

## ORDER
## REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION

This matter is referred to mediation before **Berry B. Mitchell**. The mediation is scheduled for **September 22, 2005 @ 2:00 PM in Room 111 of the Pastore Building** (United States District Court Annex). In the sole discretion of the court or the mediator, the date and time of the mediation may be changed for good cause. Parties requesting a change in the date or time shall make a timely request (not less than 5 days in advance of the scheduled mediation) in writing to the assigned mediator.

**IT IS HEREBY ORDERED THAT:**

1. Parties shall submit to the mediator, with no exchange between opposing counsel, a mediation statement that shall conform to the guidelines for mediation briefs found on the court's website at: www.rid.uscourts.gov .The brief shall be submitted directly to the mediator not less than 5 days in advance of the scheduled mediation.

2. Mediation proceedings in this matter shall be deemed confidential. Rule 408 of the Federal Rules of Evidence shall apply to information, statements and evidence generated in the course of the mediation and shall make inadmissible evidence of conduct or statements made unless otherwise discoverable. Moreover, all memoranda and other work products, including but not limited to, files, reports, interviews, case summaries and notes, prepared by the appointed neutral assigned to the case, shall not be subject to disclosure in any subsequent civil proceeding involving any of the parties participating in the ADR option, nor shall the mediator be compelled to disclose in any subsequent civil proceeding any communication made to him or her in the course of, or relating to the subject matter of any case referred to ADR and in which a party or other persons took part in ADR proceedings before the assigned neutral. The mediator shall not communicate any confidential information, nor discuss ADR proceedings with any judicial officer, employees of the court, or other third party, other than to report the status of ADR proceedings.

3. Counsel of record, and a person having full authority to bind and settle this case, shall attend the mediation. Settlement Authority" as used herein means the individual with control of the full financial settlement resources involved in the case, including full financial authority and ability to agree to a binding settlement agreement.

4. Parties and their counsel shall participate in the mediation in good faith.

**SO ORDERED** this the 10th Day of Sept, 2005.

WES

**WILLIAM E. SMITH**
United States District Court Judge