UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
DEC 19 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

DEIDRE WILSON Individually
And p.p.a. CORY WILSON,
A minor
Plaintiffs,

v. C.A. No: 04-530S

UNITED STATES OF AMERICA

Defendant,

JASON FOSTER AND SAMANTHA FOSTER

Third Party Defendants.

**ORDER**

This matter came on for hearing before this Honorable Court on December 8, 2005, for approval of a settlement agreement, receipt of the report and recommendations of guardian ad litem, and approval of a minor's trust.

After hearing thereon, it is hereby,

**ORDERED, ADJUDGED AND DECREED**

1. The Court approves the Stipulation for Compromise Settlement; copy attached as **EXHIBIT A**.
2. The Court acknowledges the Report and Recommendations of the Guardian ad Litem; copy attached as **EXHIBIT B**.
3. The Court approves the revised Trust Agreement, copy attached as **EXHIBIT C**.
4. The guardian ad litem, Robert Parrillo, Esq., is hereby discharged.

ENTER: PER ORDER:

Clerk Judge 12/20/05

Presented by:

Amato A. DeLuca (#0531)
Michael T. Eskey (#3035)
DELUCA & WEIZENBAUM, LTD.
199 North Main Street
Providence, RI 02903
401-453-1500
401-453-1501 (Fax)

*Attorneys for plaintiffs*

## CERTIFICATION

I hereby certify that on 19Th day of December, 2005 a true and accurate copy of the within was served by facsimile on:

Robin E. Feder, Esq.
Assistant U.S. Attorney
U.S. Department of Justice
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Robert Parrillo, Esq.
128 Dorrance Street, Suite 450
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DEIDRE WILSON, Individually and p.p.a CORY WILSON, a Minor, Plaintiffs | : | |
| v. | : | C.A. NO.: 04-530S |
| UNITED STATES OF AMERICA Defendant, Third-party plaintiff | : | |
| v. | : | |
| JAY FOSTER, SAMANTHA FOSTER Third-party defendants | : | |

STIPULATION FOR COMPROMISE SETTLEMENT,
INDEMNITY AGREEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between DEIDRE WILSON, individually, and p.p.a. CORY WILSON, a minor, the undersigned plaintiffs (meaning any person, other than defendant or third-party defendants, signing this agreement, whether or not a party to this civil action), and the UNITED STATES OF AMERICA, the undersigned defendant, by and through their respective attorneys, as follows:

1. The above plaintiffs and defendant do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation for Compromise Settlement, Indemnity Agreement and Release of Federal Tort Claims Pursuant to 28 U.S.C. § 2677 (the Stipulation for Compromise Settlement And Release).

A

ENTER [signature]
WILLIAM E. SMITH
U.S. DISTRICT JUDGE
DATE 12/21/05

2. The UNITED STATES agrees to pay the sum of ONE HUNDRED EIGHTY THOUSAND ($180,000.00) DOLLARS to plaintiffs, DEIDRE WILSON, individually, and p.p.a. CORY WILSON, a minor, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, loss of consortium, and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators and assigns, and each of them, now have or may hereafter acquire against the UNITED STATES and its agents, servants, and employees.

3. The plaintiffs and their guardians, heirs, executors, administrators and assigns, hereby agree to accept the sums set forth in this Stipulation For Compromise Settlement And Release in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property, loss of consortium, and the consequences thereof, which they may have or may hereafter acquire against the UNITED STATES, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether

for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators and assigns further agree to reimburse, indemnify and hold harmless the UNITED STATES, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators and assigns against any third party or against the UNITED STATES, its agents, servants, and employees including claims for wrongful death.

4. This Stipulation for Compromise Settlement And Release is specifically subject to the following condition: Prior approval of the Stipulation for Compromise Settlement by a court of competent jurisdiction. Plaintiffs have the obligation to obtain such approval at their expense. Plaintiffs agree to obtain such approval in a timely manner: Time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event such approval is not timely obtained, the entire Stipulation For Compromise Settlement and Release is null and void.

5. This Stipulation For Compromise Settlement And Release is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the UNITED STATES, its agents, servants, or employees; and it is specifically denied that they are liable to plaintiffs. This Stipulation For Compromise Settlement and Release is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act,

and avoiding the expenses and risks of further litigation.

6. It is also agreed, by and among the parties, that the respective parties will each bear his, her or its own costs, fees, and expenses and that any attorney's fees owed by plaintiffs will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees on the settlement amount by the UNITED STATES in this action shall not exceed 25 per centum of said settlement amount and must be paid out of the settlement amount and not in addition thereto.

8. The persons signing this Stipulation for Compromise Settlement And Release warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement and release.

9. Payment of the settlement amount by the UNITED STATES will be made by a check drawn on the United States Treasury Department, in the amount of ONE HUNDRED AND EIGHTY THOUSAND ($180,000.00) DOLLARS and made payable to DEIDRE WILSON, AND CORY WILSON, a minor, plaintiffs, and AMATO A. DELUCA and MICHAEL T. ESKEY, plaintiffs' attorneys. The check will be forwarded to Amato A. DeLuca and Michael T. Eskey, DELUCA & WEIZENBAUM, Ltd., 199 North Main Street, Providence, RI 02903.

10. Plaintiffs agree that the payments made under this Stipulation For Compromise Settlement and Release represent full compensation for all injuries and/or damages sustained by them as a result of the incident referred to herein.

11. Plaintiffs acknowledge and agree that out of the proceeds of this settlement they shall be fully and solely responsible for any and all medical bills, attorney's fees and other claims or liens, noticed or unnoticed, arising out of services rendered to them or benefits paid to them as a result of the injuries and damages sustained by them and their consequent effect resulting from this incident and they shall forever hold harmless the UNITED STATES, its agents, servants, and employees with respect to any such liens or claims.

12. Plaintiffs' attorneys agree to distribute the settlement proceeds among plaintiffs and to promptly obtain a dismissal of the above action with prejudice, each party bearing its own fees, costs, and expenses.

13. This Stipulation For Compromise Settlement and Release Under the FTCA contains the entire agreement between the parties hereto, and the terms of this Stipulation for Compromise Settlement and Release Under the FTCA are contractual and not merely recital.

14. The parties agree that the Stipulation For Compromise Settlement and Release, including all the terms and conditions of this Stipulation For Compromise Settlement and Release, and any additional agreements relating thereto may be made public in their entirety, and plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

DEIDRE WILSON, Individually
and p.p.a CORY WILSON,
a Minor, Plaintiffs,
Soc. Sec. # 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 Cory
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 Deidre

11-9-05
DATE

AMATO A. DELUCA
MICHAEL T. ESKEY
DELUCA AND WEIZENBAUM, Ltd.
Plaintiffs' Attorneys
199 North Main Street
Providence, RI 02903
(401) 453-1500
Tax ID #

11-10-05
DATE

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ROBIN E. FEDER,
Assistant United States Attorney
Attorneys for Defendant United
States of America
United States of America
50 Kennedy Plaza
Fleet Center, 8th Floor
Providence, RI 02903
(401) 709-5000

11-14-05
DATE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

DEIDRE WILSON, Individually
and p.p.a. CORY WILSON, a minor :

vs. : C.A. No.: 04-530S

UNITED STATES OF AMERICA :

vs. :

JAY FOSTER, SAMANTHA FOSTER :

**<u>REPORT AND RECOMMENDATION OF THE GUARDIAN AD LITEM</u>**

Plaintiff, Deidre Wilson, and Defendant, United States of America, propose that the above-captioned case be settled in accordance with the terms of a Stipulation for Compromise Settlement, Indemnity Agreement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677, a copy of which is attached.

On December 26, 2002 plaintiff Deidre Wilson and her son, Cory, then three years old, where visiting the home of Jay and Samantha Foster. The Foster's home is located in Middletown, Rhode Island. It is owned by the United States of America and leased through the U.S. Navy to the Foster's. The Foster's owned and kept a dog on the property. On that day, the dog bit young Cory's face, more specifically, his left eyelid and upper lid and cheek.

Plaintiff presented a claim to the Department of the Navy. That claim was not satisfied. Plaintiff then brought this Federal Tort Claims Act suit. Plaintiff maintains that the Navy had actual or constructive knowledge that the Foster's maintained a dog on the premises. Plaintiff alleges that



EXHIBIT
B

defendant had a duty to reasonably prevent harm to persons lawfully on the premises but failed in that duty.

After being bitten, Cory was taken to the Newport Hospital. He was seen in the Emergency Department and transferred by ambulance to the Hasbro unit of Rhode Island Hospital. Surgery was performed to close Cory's wounds. A stent was in place until removed in a follow up procedure on April 18, 2003.

Cory has been left with a four centimeter scar on his left cheek which is flat and with a fairly good color match to the surrounding skin. He also has smaller scars on his lower left eyelid. These are not especially disfiguring. Recent photos are attached to this report along with the medical reports and bills.

There has been no compromise of Cory's vision. He has not experienced psychological difficulties. No follow up medical care is required.

The proposed settlement would be a payment of $180,000.

The unpaid medical bills, which are listed in an attachment to this Report and Recommendation, amount to $28,944.71. Those will be paid out of the proposed settlement funds.

An attorneys fee of $45,000 or 25% of $180,000 will be paid from the proposed settlement amount. Disbursements of $1,103.37 made by DeLuca and Weizenbaum, Ltd. will also be paid from the settlement sum.

The fee for obtaining approval of the settlement, i.e., my fee as Guardian Ad Litem, amounts to $2,990.00. That amount, pursuant to paragraph 4 of the Stipulation for Compromise Settlement, is to be paid from the proposed settlement.

The balance of the settlement funds will then be distributed as follows: $10,000 will be paid

to Deidre Wilson and the remainder shall be used to fund a trust for the sole benefit of Cory Wilson. A copy of the Trust Agreement is attached. Of note is that the Trust requires two trustees. At the outset one of the trustees is Deidre Wilson and the other is Thomas F. Taylor, CPA. The trustees appropriately plan on making long term, conservative investments of the trust funds. Trust funds may be distributed for Cory's benefit in the trustees' discretion for his education and health. The remaining principal and income of the trust shall be distributed for Cory upon his 18th birthday.

The terms of the settlement and the proposed Trust Agreement appear to me to be fair, reasonable, appropriate and in the beneficiary's best interest.

Consequently, I recommend that the court approve the Compromise Settlement, Indemnity Agreement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 as well as the related Trust Agreement.

Attachments:

- Stipulation for Compromise Settlement, Indemnity Agreement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677
- Trust Agreement
- Recent Photos
- Medical Binder

Respectfully submitted,

[signature]

Robert D. Parrillo, Esq. (#0798)
**Guardian Ad Litem**
The Parrillo Law Firm
128 Dorrance Street
Suite 450
Providence, RI 02903
(401) 273-3373
(401) 273-2272 FAX

**PROOF OF SERVICE**

I hereby certify that on this 16th day of November, 2005, I served the within Report and Recommendation upon Amato A. DeLuca, Esquire, DeLuca and Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903 and Robin E. Feder, Esquire, Assistant United States Attorney, United States of America, 50 Kennedy Plaza, Fleet Center, 8th Floor, Providence, RI 02903 by mailing a copy of same to them at their usual business addresses as set forth herein.

Robert J. Parrillo

## INDEX OF ATTACHMENTS

1. Stipulation for Compromise Settlement, Indemnity Agreement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677

2. Trust Agreement

3. Recent Photos

4. Medical Binder

# TRUST AGREEMENT

This Trust Agreement (the Trust) is established in accordance with an Order of the United States District Court for the District of Rhode Island entered on the 9th day of November, 2005, in the case of *Deidre Wilson, individually, and p.p.a. Cory Wilson, a minor v. United States of America*, C.A. No. 04-530S, and shall govern and be applicable to the settlement proceeds paid in accordance with said order for the benefit of Cory Wilson.

The Trustees of the trust are Deidre Wilson and Thomas F. Taylor, CPA. The duties and responsibilities of the Trustees and the purposes and beneficiaries of the Trust are:

**FIRST:** The Trustees shall hold and distribute the TRUST ESTATE, for the benefit of CORY WILSON as follows:

The Trustees shall retain the trust estate for CORY WILSON until he shall attain the age of twenty-five (25) years. Until the beneficiary shall attain the age of twenty-five (25) years, the Trustees may pay and/or apply for such beneficiary's benefit the net income and principal thereof, or either, in such amounts, including all thereof, and manner as the Trustees shall in their sole discretion deem advisable for the education, including college and professional education, health, and benefit of such beneficiary. The Trustees may accumulate and add to principal from time to time any income not so used. When such beneficiary shall attain the age of twenty-five (25) years, the Trustees shall distribute the then remaining principal and income of such trust to hire. If such beneficiary dies before attaining the age of twenty-five (25) years, the Trustees shall distribute the then remaining principal and income of such trust to his estate.

**SECOND:** With respect to the trust established hereunder, whenever income or principal is to be used for the benefit of CORY WILSON while he is under the age of twenty-five (25) years the Trustees may make payment of such property in any or all of the following ways:

A. By paying such property directly to such beneficiary;

B. By paying such property to any legally appointed guardian or conservator of such beneficiary;

EXHIBIT C

C. By paying such property to the parent, guardian, custodian under a gifts to minors act, relative or other person having the care and control of such beneficiary for such beneficiary's education, including college and professional education, health, maintenance, or support;

D. By expending such property for such beneficiary's education, including college and professional education, health, maintenance, or support.

**THIRD:** CORY WILSON may not assign his interest in this trust prior to its actual payment to him; and no creditor of his may become entitled to any such interest due to bankruptcy or insolvency or any alienation, voluntary or involuntary, or any other cause. If any situation arises which would cause this direction to be violated, the beneficiary's interest in that trust shall absolutely cease for the remainder of the period during which the beneficiary (but for this proviso) would have been entitled to income, and the Trustees instead shall add the income from that trust to and invest it as a part of the principal of the trust. The Trustees may, however, pay to or for the benefit of the beneficiary, his family or anyone he is legally obligated to or does in fact support, so much of the said income or principal from the trust as the Trustees in their sole and uncontrolled discretion deem proper without it being obligatory upon the Trustees to do so.

**FOURTH:** The Trustees shall not be required to give any bond in their capacity in any jurisdiction or, if any bond is required, such bond shall be in the lowest permissible amount and without surety if permitted by law. No trustee acting hereunder shall be required to file periodic accountings in any court, but the Trustees may do so at any time or times for any reason.

Any decision of the Trustees with respect to the exercise or non-exercise of any discretionary power, made in good faith, shall be binding and conclusive upon all persons interested in any trust hereunder.

In exercising their discretionary powers to pay and/or apply income or principal to or for any beneficiary, the Trustees may, but shall not be required to, take into account all of the circumstances of such beneficiary to such extent, if any, as they may deem advisable.

A written statement by the Trustees at any time as to any facts relative to any trust hereunder shall be conclusive evidence in favor of any third party dealing in good faith with the Trustees in reliance upon such statement, including any transfer agent.

**FIFTH:** The Trustees shall have, as to any property which shall at any time constitute part of the trust created hereunder, the broadest discretionary powers of investment, reinvestment and management, in addition to and not in limitation of those conferred by common law and statutory authority, exercisable without resort to or order of any court, and which shall continue after the date of the termination of any trust until final distribution, including the powers:

A. To sell at public or private sale, or to exchange, lease, pledge or mortgage (for periods ending before or after the terms of any trust hereunder) in such manner and on such terms as to credit or otherwise as the Trustee deems advisable; to give options; to discharge mortgages of record.

B. To invest or reinvest in and/or retain as an investment property of any character, real or personal, foreign or domestic, whether received or purchased by my Trustee (including, without limitation, stocks, bonds, debentures, mortgages, certificates of deposit, shares of mutual funds or investment companies of any kind), which in their opinion is a suitable conservative financial investment for the purposes hereof, although of a kind or in an amount which might not otherwise be regarded as a proper trust investment, and for reasonable periods to hold cash uninvested.

C. To invest without notice to any person in any common trust fund.

D. To invest in savings accounts in any bank or trust company.

E. To purchase from or through any bank, any stocks and bonds, whether corporate, government or municipal, which are appropriate for trust investments in such amounts as shall be deemed advisable.

F. Subject to the Trustees' prior consent, to receive additional property from any source, whether by will or otherwise, and add it to the principal of any trust hereunder.

G. To borrow money from any lender, excluding the Trustees, with or without security but without individual liability therefore, for any purpose, and to pledge securities or other property to secure any loan; to execute all deeds, assignments, mortgages, leases or other instruments necessary or proper for any transaction.

H. To lend money, on either a secured or unsecured basis, in such amounts, upon such terms, with or without interest, and to such persons (including any beneficiary of any trust created hereunder), firms or corporations, excluding, however, the Trustees, as the Trustees in their sole discretion may determine.

I. To rent or lease any property held for and upon such rents, conditions and terms, whether or not extending beyond the duration of any trust held hereunder and with or without agreements or appraisals and/or arbitrations of rent, as shall be determined reasonable.

J. To register securities or other property in the name of a nominee, to hold any securities or other property in bearer form, or in any bookkeeping entry from; to deposit securities with depositories anywhere in the United States of America.

K. To vote either in person or by general or limited proxy or to refrain from voting any securities for any purpose.

L. To participate in, consent to, or carry out any reorganization, consolidation, merger, liquidation, or sale of the assets of any corporation or other organization.

M. To exercise any rights or options to acquire stock or other securities of any corporation or corporations.

N. To determine what portion of any receipts, disbursements, gains and losses shall be credited to or charged against principal or income in cases where the allocation is unclear under Rhode Island law.

O. In satisfying any general legacy or in making any division or distribution of any trust held hereunder or any share thereof, to divide or distribute in kind (including undivided interests) as well as in cash or partly in kind and partly in cash, and to select the particular assets, not necessarily on a pro rata basis, to be placed in any trust or portion thereof or to be distributed, without

being required to allocate on a pro rata basis unrealized gains or losses with respect to any property being divided or distributed. The Trustees' valuations and determinations as to whether and what adjustments shall be made for these purposes shall be conclusive on all beneficiaries of my estate or such trust.

P. To extend the time of payment of any obligation owing by or to any trust held hereunder, and to pay, compromise, contest, settle by arbitration or otherwise, or abandon any claim, taxes, or other matter directly or indirectly affecting any trust held hereunder.

Q. To employ and pay reasonable compensation and expenses of investment counsel, legal counsel, accountants, agents or others for any of the purposes hereof.

R. To do all such acts, take all such proceedings and exercise all such rights and privileges, although not herein specifically mentioned, with respect to any such property, as I the absolute owner thereof and in connection therewith to make, execute and deliver any instruments and to enter into any covenants or agreements binding any trust hereunder.

S. To divide property in their sole discretion in any trust being held hereunder with an inclusion ratio, as defined in Section 2642(a)(1) of the Internal Revenue Code, as amended, of neither one nor zero into two separate trusts representing two fractional shares of the property being divided, one to have an inclusion ratio of one and the other to have an inclusion ratio of zero.

T. To receive any property, real or personal, to be added to the trust, if the Trustees consent in writing, from any other person by lifetime or testamentary transfer or otherwise; provided, however, that the Trustees, in their sole discretion, may require, as a prerequisite to accepting property, that the donating party provide evidence satisfactory to the Trustees that (i) the property is not contaminated by any hazardous or toxic materials or substances; and (ii) the property is not being used and has never been used for any activities directly or indirectly involving the generation, use, treatment, storage, disposal, release, or discharge of any hazardous or toxic materials or substances.

U. No Trustee shall be liable for any loss or depreciation in value sustained by the trust as a result of the Trustees retaining any property upon which there is later discovered to be hazardous materials or substances requiring remedial action pursuant to any federal, state, or local environmental law, unless the Trustee contributed to the loss or depreciation in value through willful default, willful misconduct, or gross negligence.

V. To invest funds held by the Trustee by depositing them in any type of income-producing account in any bank or trust company, and to invest or reinvest in such securities or other property as the Trustees deem appropriate, including any participation in an investment company registered under the Investment Company Act of 1940.

W. The Trustees may (but shall not be required to) amortize premiums paid on the purchase of bonds and need not take account of any discount.

X. No purchaser from or lender of money to the Trustees shall be required to see to the application of the purchase money or the money loaned.

**SIXTH:** A Trustee may resign at any time by giving written notice to the other Trustee and a successor Trustee, who shall be unrelated to the other Trustee, shall then be appointed by the remaining Trustee. Any appointment of a successor Trustee shall be by a written instrument and shall be effective when written acceptance of the successor Trustee is delivered to the resigning Trustee. Any successor Trustee so appointed shall be approved by a court of competent jurisdiction. Any successor Trustee shall have all the powers, immunities, and discretions conferred upon the original Trustee.

With the written consent of the beneficiary on attainment of his majority, any successor Trustee may accept any account rendered and the assets and property delivered to it by any prior Trustee hereunder or by any other fiduciary as a full and complete discharge of such Trustee or other fiduciary and shall incur no liability or responsibility to any beneficiary under this trust agreement by reason of so doing.

**SEVENTH:** In no event shall any of the Trustees or successor Trustees have or exercise any power, the possession or exercise of which under applicable law would cause income of the TRUSTS hereby created to become taxable to them individually or the principal thereof to the taxable as a part of their gross estate.

**EIGHTH:**

A. Whenever necessary or appropriate, any word in one gender shall be deemed to include the other genders and the use herein of either the singular or plural shall be deemed to include the other;

B. The term "Trustee" wherever used in this trust agreement, shall be deemed to refer to the Trustees or Trustee for the time being from time to time under this agreement.

C. The trust created hereunder is a Rhode Island trust and its validity, construction, effect and administration shall be determined and governed by the laws of the State of Rhode Island.

BY: Thomas F. Taylor, CPA, Trustee
THOMAS F. TAYLOR, CPA, Trustee

Trustee
DEIDRE WILSON, Trustee